**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1107**

HUI FANG XIAO,

             Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 28, 2010          Decided: August 11, 2010

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Gregory Marotta, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New Jersey, for Petitioner. Tony West, Assistant Attorney General, Mary Jane Candaux, Assistant Branch Director, Matthew A. Connelly, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hui Fang Xiao, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum and withholding of removal.

Xiao first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Xiao fails to demonstrate that the evidence compels a contrary result. We therefore find that substantial evidence supports the denial of relief.

Additionally, we uphold the denial of Xiao's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Xiao failed to

2

establish that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] It does not appear that Xiao requested relief under the Convention Against Torture before the immigration judge; the Board nonetheless addressed Xiao's contention on appeal that she was entitled to such relief.  Although the Board's decision to address this issue arguably excused Xiao's failure to raise it before the immigration judge, cf. Xian Tuan Ye v. Dep't of Homeland Security, 446 F.3d 289, 296-97 (6th Cir. 2006), we note that she failed to raise any specific claims regarding her eligibility for such relief before this court.  We therefore conclude that Xiao has waived appellate review of this claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

3